**WO**                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Forrest Dunbar, | ) | No. CV 08-420-PHX-SMM (MEA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| A.D.O.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 29, 2008, Plaintiff Forrest Dunbar, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 12, 2008 Order, the Court denied without prejudice the Application to Proceed because the Application to Proceed was filed on the wrong form and, therefore, it was incomplete.  The Court gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed on the correct court-approved form.

On April 16, 2008, Plaintiff filed a document entitled "Emergency TRO/Injunction Re: Writ of Habeas and Supplemental Actions" (Doc. #6).[1]  On April 23, 2008, he filed a second Application to Proceed *In Forma Pauperis* (Doc. #8).

---

[1]On the title page of this document, Plaintiff listed the case numbers for three of his pending cases in this District "+ 2 other civil actions."  Plaintiff may not file a single pleading with more than one case number on it.  If Plaintiff wants the Court to take action in more than one of his cases, he must file a separate original pleading in each of the cases.

JDDL-K

1
2
The Court will grant the second Application to Proceed, dismiss the Complaint with leave to amend, and deny without prejudice the Emergency TRO/Injunction motion.

3
**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

4
5
6
7
8
9
10
Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $15.80.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

11
**II.     Statutory Screening of Prisoner Complaints**

12
13
14
15
16
17
18
19
20
The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

21
22
23
24
25
26
The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

27
. . . .

28
. . . .

**III.    Complaint**

In his five-count Complaint, Plaintiff sues Defendants Arizona Department of Corrections (ADOC), Arizona State Prison Complex-Yuma (ASPC-Yuma) Warden Sternes, ASPC-Yuma Facilities Health Administrator Terry Allred, ADOC Director Dora Schriro, and ASPC-Yuma "John or Jane Doe" medical and dental providers.

In Count One, Plaintiff alleges a violation of his due process right to "dental care to community standards." He claims that he has had two unnecessary tooth extractions "due to 'wait list' criteria," a temporary restoration which ADOC "refuses to finish with a permanent restoration," and one cavity that became two cavities and which "the dental staff refuse[s] to treat." He states that "Defendant Schriro refused to direct Warden Sternes to direct FHA T. Allred to facilitate treatment to Plaintiff by the dental staff who cited non-emergency; wait list; quadrant restrictive procedure as reason for non-treatment."

In Count Two, Plaintiff asserts a violation of his due process right to "medical care to community standards." He contends that he is partially disabled in his left knee because of an injury sustained while in prison. He alleges that the injury is correctable with surgery, but Defendants "refuse to diagnose properly the claim using only x-ray technology which everyone knows will not show soft tissue damage." He claims that "[A]DOC has documented the need for surgical intervention but will not provide treatment" other than medication to treat the pain and swelling.

In Count Three, Plaintiff alleges a violation of his due process right to medical care "to community standard[s]." Plaintiff alleges that he acquired a skin condition after he was incarcerated, a non-party doctor treated the condition "negligen[t]ly" and "refused to clinically I.D. the skin condition," and the shampoo that the doctor gave Plaintiff caused premature hair loss and did not "effect the skin condition."

In Count Four, Plaintiff claims a due process violation of ADOC policy. He claims a correctional officer discriminated against Plaintiff, Plaintiff initiated an informal complaint against the officer, a friend of the officer found out about the complaint and then fired

1   Plaintiff for complaining.   Plaintiff contends that the termination was "in violation of

2   [A]DOC policy for using the grievance process."

3        In Count Five, Plaintiff asserts a violation of "Due Process of Const. Rights under the

4   U.C.C. Contract sales for property rights established."  He claims that "rec[ei]pted property"

5   is arbitrarily taken by ADOC staff as punishment for rule violations.  Plaintiff asserts that

6   inmates purchase televisions from "a private company regulated under the U.C.C." and that

7   "all rights to ownership, possession & usage are transferred to the purchaser." He claims that

8   ADOC does not "own or have any rights over inmates effecting their property."  He asserts

9   that a standard disciplinary sanction is the "the removal by force of the inmate[']s lawful

10  property[;] a theft under the law."

11       In his Request for Relief, Plaintiff seeks (1) an order requiring ADOC staff to replace

12  his lost teeth with implants, (2) an order requiring ADOC to perform an MRI on Plaintiff's

13  knees and perform orthoscopic surgery, (3) an order requiring ADOC to provide effective

14  corrective skin treatment and state-of-the-art hair replacement treatments or, alternatively,

15  monetary compensation; (4) reimbursement for lost wages, and (5) a cease-and-desist order

16  against ADOC staff preventing them from taking any "rec[ei]pted property without contract

17  with inmate."

18  **IV.    Improper Defendant**

19       The Arizona Department of Corrections is not a proper Defendant.   Under the

20  Eleventh Amendment to the Constitution of the United States, a state or state agency may not

21  be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465

22  U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a

23  state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the

24  Arizona Department of Corrections are not 'persons' under section 1983."   Gilbreath v.

25  Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore,

26  the Court will dismiss Defendant Arizona Department of Corrections.

27  . . . .

28  . . . .

1   **V.      Failure to State a Claim**

2        **A.      Failure to Link Defendant with Injuries**

3        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

4   injury as a result of specific conduct of a defendant and show an affirmative link between the

5   injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

6   (1976).  To state a claim against a supervisory official, the civil rights complainant must

7   allege that the supervisory official personally participated in the constitutional deprivation

8   or that the supervisory official was aware of widespread abuses and, with deliberate

9   indifference to the inmate's constitutional rights, failed to take action to prevent further

10  misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.

11  List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);

12  see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92

13  (1978).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

14  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

15  does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

16       Other than a vague statement in Count One that ""Defendant Schriro refused to direct

17  Warden Sternes to direct FHA T. Allred to faci[]litate treatment to Plaintiff by the dental

18  staff who cited non-emergency; wait list; quadrant restrictive procedure as reason for non-

19  treatment," Plaintiff provides no facts describing how Defendant Schriro was aware of the

20  issue or how she was directly responsible for responding to his dental requests.  In addition,

21  Plaintiff does not allege that any Defendant personally participated in a constitutional

22  deprivation or was aware of widespread abuses and, with deliberate indifference to Plaintiff's

23  constitutional rights, failed to take action to prevent further misconduct, or formed policies

24  that resulted in Plaintiff's injuries.  Thus, the Court will dismiss without prejudice Plaintiff's

25  Complaint because Plaintiff has failed to state a claim against Defendants.[2]  See Ivey v.

26

27  _____

28       [2]Moreover, as to the Doe Defendants, Rule 10(a) of the Federal Rules of Civil
     Procedure requires the plaintiff to include the names of the parties in the action.  As a
     practical matter, it is impossible in most instances for the United States Marshal or his

1   Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory
2   and vague allegations will not support a cause of action).

3       **B.    Counts One, Two, and Three**

4       In addition, not every claim by a prisoner that he has received inadequate medical
5   treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a
6   plaintiff must show that the defendants acted with "deliberate indifference to serious medical
7   needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
8   U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by demonstrating
9   that failure to treat the condition could result in further significant injury or the unnecessary
10  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
11  Jett, 439 F.3d at 1096 (quotations omitted).

12      To act with deliberate indifference, a prison official must both know of and disregard
13  an excessive risk to inmate health; the official must both be aware of facts from which the
14  inference could be drawn that a substantial risk of serious harm exists and he must also draw
15  the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the
16  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
17  or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096.
18  Deliberate indifference may also be shown when a prison official intentionally denies,
19  delays, or interferes with medical treatment or by the way prison doctors respond to the
20  prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

21      Deliberate indifference is a higher standard than negligence or lack of ordinary due
22  care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross
23  negligence will constitute deliberate indifference."  Clement v. California Dep't of
24  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
25  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
26  "medical malpractice" do not support a claim under § 1983).  A mere delay in medical care,

27
28
_____

designee to serve a summons and complaint on an unidentified defendant.

1   without more, is insufficient to state a claim against prison officials for deliberate
2   indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th
3   Cir. 1985).   The indifference must be substantial.   The action must rise to a level of
4   "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105-06.

5       In addition to Plaintiff's failure to show an affirmative link between the injury and the
6   conduct of any Defendant, Plaintiff's allegations in Counts One, Two, and Three do not
7   amount to deliberate indifference.  His alleges that Defendants' actions denied him "dental
8   care to community standards" and that a non-party doctor acted negligently.   This is
9   insufficient for a § 1983 claim.  See Clement, 220 F. Supp. 2d at 1105.

10      **C.     Count Five**
11      In addition to Plaintiff's failure to show an affirmative link between the injury and the
12  conduct of any Defendant, Plaintiff should also take note that, "[w]hile an inmate's
13  ownership of property is a protected property interest that may not be infringed upon without
14  due process, there is a difference between the right to own property and the right to possess
15  property while in prison."   Searcy v. Simmons, 299 F.3d 1220, 1229 (10th Cir. 2002)
16  (quoting Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)).  Plaintiff does not allege
17  that he was deprived of his property without due process.  In fact, he alleges that confiscation
18  of the property is a sanction for rule violations and occurs through "D.O.C.'s disciplinary
19  process."

20  **VI.   Leave to Amend**
21      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
22  a claim upon which relief may be granted.   Within 30 days, Plaintiff may submit a first
23  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
24  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
25  to use the court-approved form, the Court may strike the amended complaint and dismiss this
26  action without further notice to Plaintiff.

27      Plaintiff must clearly designate on the face of the document that it is the "First
28  Amended Complaint."   The first amended complaint must be retyped or rewritten in its

1   entirety on the court-approved form and may not incorporate any part of the original

2   Complaint by reference.  Plaintiff may include only one claim per count.

3   If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

4   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

5   the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

6   (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

7   constitutional right; and (5) what specific injury Plaintiff suffered because of that

8   Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

9   Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

10  fails to affirmatively link the conduct of each named Defendant with the specific injury

11  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

12  state a claim.  Conclusory allegations that a Defendant or group of Defendants have violated

13  a constitutional right are not acceptable and will be dismissed.

14  A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

15  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

16  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

17  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

18  complaint is waived if it is not raised in a first amended complaint.  King, 814 F.2d at 567.

19  **VII.    Motion for Emergency TRO/Injunction**

20  Whether to grant or deny a motion for a temporary restraining order is within the

21  Court's discretion.  See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir.

22  1979).  "The standard for issuing a temporary restraining order is identical to the standard

23  for issuing a preliminary injunction."    Whitman v. Hawaiian Tug & Barge

24  Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw.

25  1998).  To obtain a preliminary injunction, the moving party must show either: "(1) a

26  likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious

27  questions going to the merits were raised and the balance of hardships tips sharply in its

28  favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999).  These are not two

1  separate tests; they represent "extremes of a singular continuum." Id. (quotation omitted).

2  The moving party has the burden of proof on each element of the test. Environmental

3  Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

4         An injunction is appropriate to grant intermediate relief of the same character as which

5  may be granted finally, and relief is not proper when requested on matters lying wholly

6  outside the issues in suit. DeBeers Consol. Mines v. United States., 325 U.S. 212, 220

7  (1945); Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.), amended, 131 F.3d 950

8  (11th Cir. 1997).   To obtain injunctive relief, the party "must necessarily establish a

9  relationship between the injury claimed in the party's motion and the conduct asserted in the

10 complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

11        Because the Court is dismissing the Complaint with leave to amend, the Court cannot

12 determine at this time whether the relief requested in the motion for temporary restraining

13 order relates to the conduct that will be asserted in the amended complaint.  Thus, the Court

14 will deny without prejudice the motion for temporary restraining order or injunction.

15 **VIII. Warnings**

16        **A.    Release**

17        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

18 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

19 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

20 in dismissal of this action.

21        **B.    Address Changes**

22        Plaintiff must file and serve a notice of a change of address in accordance with Rule

23 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

24 relief with a notice of change of address.  Failure to comply may result in dismissal of this

25 action.

26 . . . .

27 . . . .

28 . . . .

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #8) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.80.

(3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1      (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3    that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4      (5)     Plaintiff's Motion for "Emergency TRO/Injunction" (Doc. #6) is **denied**

5    **without prejudice**.

6      (6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

7    rights complaint by a prisoner.

8      DATED this 12th day of May, 2008.

9

10

11                           Stephen M. McNamee

                             United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:     **OR**     Tucson Division:
U.S. District Court Clerk                        U.S. District Court Clerk
U.S. Courthouse, Suite 130               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10  405 West Congress Street
Phoenix, Arizona  85003-2119           Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____ , | ) | |
| (Full Name of Plaintiff)      Plaintiff, | ) | |
|  | ) | |
|       vs. | ) | **CASE NO.** _____ |
|  | ) | (To be supplied by the Clerk) |
| (1) _____ , | ) | |
| (Full Name of Defendant) | ) | |
| (2) _____ , | ) | |
|  | ) | **CIVIL RIGHTS COMPLAINT** |
| (3) _____ , | ) | **BY A PRISONER** |
|  | ) | |
| (4) _____ , | ) | ☐ Original Complaint |
|       Defendant(s). | ) | ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) | ☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                                       1                                       **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                                                          <span>(Institution)</span>

2.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                                                          <span>(Institution)</span>

3.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                                                          <span>(Institution)</span>

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                                                          <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?           ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                      DATE                                               SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.